UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Richard Iden,<br><br>           Plaintiff<br>v.<br><br>Director of Accounting NDOC, *et al.*,<br><br>           Defendants | Case No. 2:23-cv-00216-CDS-NJK<br><br>**Order Dismissing and Closing Case** |

Pro se plaintiff Richard Iden brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. ECF No. 1-1. On February 23, 2023, this court ordered Iden to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before April 24, 2023. ECF No. 3. The court warned Iden that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action by that deadline. *Id.* at 2. That deadline expired and Iden did not file a fully complete application to proceed *in forma pauperis*, pay the full $402 filing fee, or otherwise respond.

**I.     DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Iden's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the inevitable and further squander the court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.

II.   CONCLUSION

It is therefore ordered that this action is dismissed without prejudice based on Richard Iden's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this court's February 23, 2023, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-

closed case. If Richard Iden wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or properly apply for *in forma pauperis* status.

DATED: June 28, 2023

_____
Cristina D. Silva
United States District Judge